IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| DONNA WERNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| HOLLAND AMERICA LINE, INC. | ) ) ) |
| Defendant. | ) ) |

Case No. 1JU-18-_____CI

## COMPLAINT

COMES NOW Plaintiff, DONNA WERNER, by and through her counsel, CROWSON LAW GROUP, and files suit against Defendant, HOLLAND AMERICA LINE, INC. and alleges the following:

1. Plaintiff, for all times mentioned herein, was visiting the State of Alaska as a tourist.

2. Venue is proper in the first judicial district, as the facts and events described took place in Juneau, Alaska and the defendant conducts business in Juneau.

3. Defendant HOLLAND AMERICA LINE, INC. is a Washington business corporation formed on February 20, 1964.

4. Defendant HOLLAND AMERICA LINE, INC. is certified to transact business in the state of Alaska.

5. The fall and accident described below occurred in the Juneau Borough, and,

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

1981 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

as a result, venue properly lies with this court. The amount at issue is in excess of $100,000.00, giving this court jurisdiction.

6. Defendant owned, operated, managed and/or controlled or had a duty to own, operate, manage and/or control, both individually and by and/or through its agents, servants and/or employees, a certain activity known as the Tracy Arm Fjord and Glacier Explorer day trip.

7. That on or about September 1, 2016, Plaintiff was a passenger on Holland American's MS Noordam Alaskan cruise. On this day, Plaintiff and her husband were booked on the Tracy Arm Fjord and Glacier Explorer day trip. It included bus transportation from the main ship to the smaller boat which was to take them to the Fjord/Glacier.

8. On the morning of September 1, 2016, Plaintiff was transported by bus to the docking area where Plaintiff was to board the smaller boat.

9. The bus which transported Plaintiff was driven by a young lady who commented upon being a new driver.

10. Upon arrival at the docking area, the driver was the first person off of the bus and she proceeded to set a small stool at the base of the last bus step. Plaintiff was the first person off the bus followed by her husband. Facing forward, Plaintiff stepped upon the stool and it immediately spun around and Plaintiff fell landing on the concrete driveway striking her head and back. Plaintiff's husband jumped off and came to her assistance. This was witnessed by the captain of the smaller boat who was awaiting Plaintiff's

CROWSON
LAW GROUP
637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

1981 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

arrival at the dock.

11. When Plaintiff's husband looked back at the bus and the stool, it appeared the stool was placed with at least one foot over a drain cover, which caused the unsteadiness and Plaintiff's subsequent fall. Prior to letting any other passengers off of the bus, the driver backed it up to at least 10 feet away from the drain cover. A fellow female passenger came and inquired as how Plaintiff was doing and identified herself as a physician. She examined Plaintiff's head laceration and Plaintiff told her that her back was also painful. The physician said that Plaintiff was probably ok to go on the Fjord trip but to see the ship's physician if she was still having pain the next day.

12. Plaintiff saw the ship's physician and was given pain medication the following day. Upon return to Plaintiff's summer home in Fontana, WI she saw her personal primary physician and subsequently an orthopedic physician at Northwestern Memorial Hospital in Chicago.

13. Plaintiff was accurately diagnosed as having a compression fracture of the fifth lumbar vertebrae.

14. At the aforesaid time and place, the Defendant, individually and/or by and through its agents, servants and/or employees failed to exercise due care, including due care in providing safe egress from the bus transportation such that defendant's conduct created a dangerous and/or caused an unreasonable hazard.

15. At the aforesaid time and place, the Defendant, as the owner/operator of the

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

1981 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

aforementioned transportation service, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled their bus vehicle in failing to properly provide a safe stairway, handrail, entrance and exits to the vehicle;

   b. Failed to provide a safe exit to the vehicle for an unreasonable length of time.

   c. Failed to warn the Plaintiff and other persons lawfully on the bus vehicle of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff or others.

   d. Created and allowed the aforementioned exit to the bus vehicle to remain in a dangerous condition for an unreasonable length of time.

   e. Was otherwise careless and negligent in the operation of its activities.

16. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, Plaintiff sustained severe and permanent injuries, both internally and externally, and was and will be hindered and

CROWSON
LAW GROUP
637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

1981 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

Complaint
Page 4 of 6

prevented from attending to her usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

17. As a direct and proximate result of the aforesaid careless and negligent acts the Plaintiff then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer. The Plaintiff further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for her injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1. For general damages including, but not limited to, pain and suffering and mental anguish both in the past and in the future.

2. For all medical and incidental expenses according to proof.

3. For all lost wages according to proof.

4. For costs of suit herein incurred.

5. That this case be tried by jury.

6. For such other and further relief as the court may deem proper.

Complaint
Page 5 of 6

CROWSON
LAW GROUP
637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

1981 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

Respectfully submitted on this the 23rd day of August 2018.

CROWSON LAW GROUP
*Attorney for Plaintiff*

By: /s/
Timothy M. Twomey
ABA#0505033
tim@crowsonlaw.com

Crowson
Law Group

637 A Street
Anchorage, Alaska
99501

907-677-9393

1981 E. Palmer-Wasilla Hwy.
Suite #220
Wasilla, Alaska
99654

Complaint
Page 6 of 6

Case 1:18-cv-00018-TMB   Document 1-1   Filed 12/04/18   Page 6 of 6